IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02122-BNB

ALTON DAVIS,

    Plaintiff,

v.

U.S. ATTORNEY GENERAL,
U.S. ATTORNEY'S OFFICE (SDNY),
U.S. ATF OFFICE (NYC),
BUREAU OF PRISONS (BOP), and
WARDEN D. BERKEBILE, U.S.P. MAX Florence, CO.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Alton Davis, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Davis has filed *pro se* a Prisoner Complaint (ECF No. 11) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. As relief Mr. Davis seeks damages, removal of the Special Administrative Measures to which he is being subjected, and a return to the general population.

    The court must construe the Prisoner Complaint liberally because Mr. Davis is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Davis will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient. For one thing, it is not clear who Mr. Davis is suing because the Defendants listed in the caption of the Prisoner Complaint are not the same Defendants listed in Section A of the Prisoner Complaint, which describes the parties to the action. In particular, although Mr. Davis lists as Defendants in the caption of the Prisoner Complaint the U.S. Attorney's Office (SDNY) and the U.S. ATF Office (NYC), he does not list those offices as Defendants in Section A of the Prisoner Complaint. The Defendants listed in Section A of the Prisoner Complaint include two individuals associated with those offices, John J. O'Donnell, who is described as an assistant United States Attorney in the Southern District of New York, and Jason Zamaloff, who is described as a special agent for the Bureau of Alcohol, Tobacco and Firearms in the Southern District of New York, but these individuals are not listed as Defendants in the caption. Based on Mr. Davis' allegations in the Prisoner Complaint, it appears that he intends to sue these individuals as Defendants in this *Bivens* action, which is appropriate because *Bivens* suits are limited to claims for damages against federal officials in their individual capacities. *See Simmat v. BOP*, 413 F.3d 1225, 1231 (10th Cir. 2005).

To avoid any confusion regarding who is a proper party in this action, Mr. Davis will be ordered to file an amended complaint in which all of the parties are listed in the caption. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Pursuant to Rule 10.1J. of the Local Rules of

Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." Regardless of who Mr. Davis names as Defendants, he also must provide a complete address for each named Defendant in the amended complaint so that they may be served properly.

The court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Davis fails to provide a short and plain statement of his claims showing that

he is entitled to relief because he fails to identify which Defendant or Defendants are being sued with respect to each asserted claim and he fails to allege specifically what each named Defendant did that allegedly violated his rights.  Although Mr. Davis asserts that John O'Donnell and Jason Zamaloff recommended imposition of the Special Administrative Measures, he does not allege who actually imposed the restrictions or what any of the named Defendants did that allegedly violated his rights.  Mr. Davis also fails to allege specific facts in support of each constitutional claim he is asserting.  In other words, Mr. Davis fails to allege specific facts that demonstrate how imposition of the Special Administrative Measures violates each of the constitutional amendments he contends has been violated.

For all of these reasons, Mr. Davis must file an amended complaint if he wishes to pursue his claims in this action.  Mr. Davis must identify, clearly and concisely, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Davis file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order. It is

FURTHER ORDERED that Mr. Davis shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov). It is

FURTHER ORDERED that, if Mr. Davis fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 8, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge