IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02122–REB–KMT


ALTON DAVIS,

      Plaintiff,

v.

ERIC HOLDER,
JOHN O'DONNALL,
JASON ZAMALOFF, and
D. BERKEBILE,

      Defendants.

---

# ORDER

---

    This matter is before the court on Plaintiff's "Motion for Reconsideration Minute Order (No. 29) as Violated U.S. Constitution and Federal Law." (Doc. No. 30, filed Feb. 7, 2013.) Defendants filed a Response to Plaintiff's Motion for Reconsideration on February 15, 2013. (Doc. No. 33.)

    Plaintiff requests that the court reconsider its January 24, 2013 Minute Order granting Defendants an extension of time through April 5, 2013 to answer or otherwise respond to Plaintiff's Amended Complaint (Doc. No. 17). "A district court has discretion to revise interlocutory orders prior to entry of final judgment." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 Fed. App'x 760, 765 (10th Cir. 2007) (citing *Price v. Philpot*, 420 F.3d 1158,

1167 n.9 (10th Cir.  2005)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")  "A motion to reconsider must do two things:  First, it must demonstrate some reason why the court should reconsider its prior decision.  Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo. 1988).

The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider must, "among other things, present matter that is material and of such importance that it would likely alter the outcome . . . ." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).  Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.  A motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F.Supp.2d 1250, 1256 (D.Colo. 2000) (internal citations and quotation marks omitted).  *Seabron v. American Family Mut. Ins. Co.*, Case No. 11–cv–01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012).

Plaintiff first argues that Defendant O'Donnell's counsel, Marcy Cook, although authorized to represent the United States, should not be allowed to defend individual federal

employees who have allegedly violated the United States Constitution or other federal laws.

However, contrary to Plaintiff's arguments, federal employees sued in their individual capacities

are entitled to request legal representation by a Department of Justice employee, typically an

Assistant United States Attorney.  *See* 28 C.F.R. § 50.15.  This process can often take a

substantial amount of time, as the Department of Justice must approve representation authority

before any action may be taken on behalf of the individual-capacity federal defendants, and

because federal employees are also entitled to obtain private counsel represent them at their own

expense.  *See id.*  As such, the court extended the deadline for Defendants to answer or otherwise

response for a brief period of time—40 days from the date that the last-served defendant was

otherwise required to answer or respond—to allow this process to be completed.  Further, the

court was authorized to grant this extension of time pursuant to Fed. R. Civ. P. 6(b)(1), which

provides that the court may, for good cause, extend the time within which an act may or must be

done.

Plaintiff also maintains that Ms. Cook acted without authorization in requesting the

extension of time on behalf of the defendants whom she has not yet been approved to represent.

However, prior to obtaining formal representation authority, Department of Justice attorneys are

permitted to seek an extension of time to respond to a complaint, provided that the attorney

makes clear that his or her appearance is for that limited purpose.  (*See* Resp., Ex. A-1.)  Ms.

Cook made clear in the motion for extension of time that her appearance on behalf of Defendants

Holder, Zamaloff, and Berkebile was limited to that purpose.  (*See* Doc. No. 27 n.1.)

Finally, Plaintiff appears to maintain that his health conditions militated against granting Defendants an extension of time to answer or otherwise respond to his Amended Complaint.  In ruling on Defendants' motion for extension of time, the court considered the allegations in Plaintiff's Amended Complaint and concluded that the procedure by which Defendants are entitled to obtain counsel warranted a short extension of time, notwithstanding Plaintiff's health-related concerns.

Altogether, Plaintiff has failed to show an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *Servants*, 204 F.3d at 1012.  Therefore, it is

ORDERED that Plaintiff's "Motion for Reconsideration Minute Order (No. 29) as Violated U.S. Constitution and Federal Law" (Doc. No. 30) is DENIED.

Dated this 8th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge