IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02122–REB–KMT

ALTON DAVIS,

    Plaintiff,

v.

ERIC HOLDER,
JOHN O'DONNALL,
JASON ZAMALOFF, and
D. BERKEBILE,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's "Motion for Urgent Temperary [sic] Preliminary Conjunction [sic] for Relief from SAM/Restrictions Until April 5, 2013" (Doc. No. 31, filed Feb. 7, 2013 [Mot.].)  Defendants O'Donnell and Zamaloff (hereinafter "Defendants") filed a Response to Plaintiff's Motion on February 25, 2013.  (Doc. No. 34 [Resp.].)  Plaintiff filed a Reply on March 8,2013.  (Doc. No. 36 [Reply].)

As a threshold matter, Plaintiff maintains in his Reply that Defendants' Response should be stricken and Defendants' attorney, Assistant United States Attorney, Marcy Cook, should be sanctioned, because Ms. Cook (1) obtained a declaration from Frank Cordova, the Assistant Health Services Administrator at the Federal Corrections Complex ("FCC") in Florence,

Colorado, without authorization from Defendant Berkebile, the Warden at FCC; and (2) because Ms. Cook obtained Plaintiff's private medical records without authorization. (Reply at 1-3.) The construes this request as a motion to strike, and rejects it on grounds that "a motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C; *see also Georgacarakos v. Watts,* 368 F. App'x 917, 919 (10th Cir. 2010) (citing *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992) (*pro se* prisoners "must follow the same [local district court] rules of procedure that govern other litigants.") (brackets in original).

Turning to the merits of Plaintiff's Motion, Plaintiff seeks preliminary injunctive relief from "cruel, harsh, and unhumane [sic] SAM/Restrictions." (Mot. at 1.) Plaintiff states that he is suffering from bladder cancer and is undergoing "BCG treatment,"[1] but maintains that the treatment is being conducted while he is in restraints ("chains and shackles"), which Plaintiff maintains is "totally unconstitutional."[2] (Mot. at 2.)

---

[1] According to Defendants, BGC is short for Bacillus Calmette-Guerin, a treatment for bladder cancer. (*See* Resp., Ex. A-1, Declaration of Frank Cordova, ¶ 7.) It does not appear that Plaintiff seeks a preliminary injunction requiring Defendants to provide him with medical care as he admits he is receiving the BGC treatment. (Mot. at 2.)

[2] Plaintiff also appears to argue that civil suits filed by other inmates relating to "the SAM/restriction is [sic] being delayed deliberately and knowing by U.S. Attorneys who's [sic] acting as undersigned counsel in SAM cases from in and around 2006, 2007, and 2008." (Mot. at 2.) Plaintiff may not act as an advocate for the inmates who have filed these other cases. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).

> A party seeking a preliminary injunction must meet the following four conditions:
>
> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his efforts on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005).

Plaintiff's Motion does not address, much less establish, the four essential elements that must be met before a preliminary injunction may issue.[3] Most notably, Plaintiff has failed to argue in his motion, much less provide any legal authority to support the conclusion, that he will suffer irreparable harm if Defendants are not enjoined from restraining him while he is provided medical treatment. Further, although some claims of constitutional deprivations may create a presumption of irreparable harm, *see, e.g., Cmty. Commc'ns Co v. City of Boulder,* 660 F.2d 1370, 1376 (10th Cir. 1981), Plaintiff has failed to set forth the specific constitutional right Defendants have allegedly violated by placing him in restraints during his medical treatments.

---

[3] It appears that Plaintiff seeks a preliminary injunction primarily because the court granted Defendants an extension of time through April 5, 2013 to answer or otherwise respond to Plaintiff's Amended Complaint. (*See* Mot. at 1.) Indeed, Plaintiff contemporaneously filed a motion for reconsideration of the minute order granting that extension of time. (*See* Doc. No. 30.) The court has since denied Plaintiff's motion for reconsideration. (*See* Order, Doc. No. 35, filed Mar. 8, 2013.)

Plaintiff's Motion also fails to address or demonstrate that he has a substantial likelihood of success on the merits of his claims. Indeed, given the tenuous nature of the relationship between the allegations contained in his Motion and the claims underlying his Amended Complaint, even assuming the truth of the Plaintiff's current allegations, they do not tend to make his underlying claims any more or less meritorious. *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir.1975) (noting that plaintiff fails to show substantial likelihood of success where he cannot provide "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief").

Moreover, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control, and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary in the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1997) (citation omitted). In light of this authority, as well as Plaintiff's failure to address the third prong of the preliminary injunction inquiry, the court finds that the balance of harms favors Defendants. Finally, Plaintiff has not set forth any argument that the injunctive relief he seeks would not be contrary to the public interest.

Plaintiff attempts to overcome the deficiencies in his motions by addressing in his Reply *some* of the factors governing the issuance of a preliminary injunction. (*See* Reply at 13-17.) However, because Defendants do not have a further opportunity to respond to Plaintiff's Reply, *see* D.C.COLO.LCivR 7.1C, the court finds that Plaintiff has waived these arguments, *see*

*United States v. Harrell,* 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived). Nevertheless, the court has reviewed the arguments contained in Plaintiff's Reply and concludes that Plaintiff has failed to establish a "clear and unequivocal" right to a preliminary injunction. *Schrier,* 427 F.3d at 1258. Accordingly, the court finds that Plaintiff's Motion is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Motion for Urgent Temperary [sic] Preliminary Conjunction [sic] for Relief from SAM/Restrictions Until April 5, 2013" (Doc. No. 31) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of March, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge